IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DISTRICT

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 11 2016
ARTHUR JOHNSTON
_____ DEPUTY

ABBY ROBINSON, INDIVIDUALLY
AND D/B/A NEW ENGLAND CONTRACTORS, LLC          PLAINTIFF

VS.                         CIVIL ACTION NO. 3:16CV794DPJ-FKB

BRIDGEWATER OWNERS
ASSOCIATION, INC.,
MIKE ROSENTHAL AND
JOHN/JANE DOES 1-5                              DEFENDANTS
                                            JURY TRIAL DEMANDED

COMPLAINT

**COMES NOW**, Abby Robinson, Individually, and d/b/a New England Contractors, LLC ("Plaintiff"), through counsel, pursuant to the Federal Rules of Civil Procedure and other applicable authority, and files this Complaint against Bridgewater Owners Association, Inc., ("Bridgewater"), Mike Rosenthal ("Rosenthal") and John/Jane Does 1-5, and in support thereof, state as follows:

INTRODUCTION

1.      This matter arises pursuant to the Fair Housing Act, 42 U.S.C. § 364, *et seq.*, the 14th Amendment to the United States Constitution and 42 U.S.C. § 1981. Plaintiff is a minority, female individual who owns and operates her own construction business. Defendants are a homeowners association and agents of said association or individuals working with said association that have engaged in improper conduct, interference and retaliation against Plaintiff.

## JURISDICTION AND VENUE

2. Jurisdiction over these claims is conferred on this Court by 28 U.S.C.A. § 1331 (federal question jurisdiction).

3. Venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division, because the acts complained of occurred in Madison County, Mississippi, all within the same district.

## PARTIES

4. Abby Robinson is an African-American female who resides at 100 Bridgewater Crossings on Lot 3, Bridgewater Subdivision, Ridgeland, Mississippi.

5. New England Contractors, LLC, is a Mississippi commercial and residential construction business owned by Abby Robinson.

6. Bridgewater Owners Association is purportedly a homeowners association which claims legal authority of Bridgewater, Lot 3, as well as Abby Robinson and New England Contractors, LLC.

7. Mike Rosenthal is an agent of the Bridgewater Owners Association and is purportedly the Architectural Review Coordinator.

8. John/Jane Does 1-5 are individuals who are agents of Bridgewater Owners Association or otherwise associated with Bridgewater Owners Association who may have committed some or all of the acts complained of herein.

## STATUTORY AND REGULATORY FRAMEWORK

9. Congress passed the 14th Amendment to the United States Constitution to ensure equal rights and equal protection to all citizens.

10. Congress passed 42 U.S.C.A. § 1981 to ensure a mechanism for enforcement of equal rights to all citizens.

11. Congress created the Fair Housing Act, 42 U.S.C.A. § 3601, *et seq.*, to ensure individuals are not discriminated against on the basis of, among other things, race, ethnicity and other protected classes.

12. The Fair Housing Act, at 42 U.S.C.A. § 3613, provides that individuals shall be protected from coercion, intimidation, threats and interference in retaliation for exercising their right under the Fair Housing Act.

## FACTS

13. Plaintiff Abby Robinson is an African-American female and adult resident of Bridgewater Subdivision in Ridgeland, Mississippi. Abby Robinson bought Bridgewater Lot 3 in 2013.

14. Plaintiff New England Contractors, LLC, is the business of Abby Robinson and is licensed by the State of Mississippi to engage in commercial and residential construction.

15. In 2014, New England Contractors, LLC presented construction plans to Mike Rosenthal, Bridgewater Architectural Review Coordinator who, after an inexplicable delay, approved the plans.

16. Thereafter, Rosenthal gave New England Contractors, LLC/Abby Robinson verbal approval to modify the plans with respect to the windows and doors.

17. The modifications sought by New England Contractors, LLC/Abby Robinson were similar to modifications made by other builders/owners.

18. After said approval, Bridgewater engaged in conduct which sought to delay and/or force further modifications to the Robinson home.

19. At all times, said conduct was inconsistent with authority Bridgewater purportedly possesses and in violation of the law.

20.  During the construction process and afterwards, Bridgewater and/or individuals associated with Bridgewater harasses, intimidated and/or otherwise prevented Abby Robinsons from the quiet enjoyment of her property.

21.  Said improper actions by Defendants include, but are not limited to:

   a.  Delay in approving building plans;

   b.  Delay in approving requested modifications;

   c.  Providing verbal approval of modifications only to renege, forget or otherwise ignore such approval;

   d.  Institution of litigation against Plaintiff;

   e.  Delay in seeking the relief sought by Defendants so that it negatively impacts Plaintiff;

   f.  Filing an amended action with new complaints and requests for modifications;

   g.  Failure to use administrative procedures or other alternatives to remedy the situation without litigation;

   h.  Failure to properly present any controversy to the Bridgewater Owners Association;

   i.  Selective and/or inconsistent application of covenants, guidelines and regulations; and,

   j.  Continued harassment and interference.

22.  The house at 100 Bridgewater Crossing is now complete and appraises for $1.5 Million.

**CLAIMS FOR RELIEF**

23.  Plaintiff re-adopts and incorporates by reference the preceding paragraphs.

24. To the extent Plaintiff was harassed and/or treated differently because of her gender/sex, her race as an African-American and/or other prohibited bases, Plaintiff's rights under the Equal Protection and Substantive Due Process clauses of the Fourteenth Amendment to the United States Constitution under 42 U.S.C.A. § 1981 were violated.

25. To the extent that Defendants' actions are tantamount to disparate treatment and/or create a disparate impact on Plaintiff, Defendants' actions violate Plaintiff's rights under 42 U.S.C.A. § 3613, *et seq.*

### PRAYER FOR RELIEF

26. Plaintiff re-adopts and incorporates by reference the preceding paragraphs.

27. Defendants' violations were a proximate contributing cause, moving force and the factual basis for damages sustained by the Plaintiff.

28. Plaintiff seeks any and all appropriate damages under the law as will be proven at trial including, but not limited to: costs associated with defending herself in litigation; costs associated with changes to the house and property; mental anguish; attorneys' fees; costs of litigation; and pre- and post-judgment interest.

**WHEREFORE, PREMISES CONSIDERED**, Abby Robinson, Individually, and New England Contractors, LLC a demand judgment from Defendants Bridgewater Owners Association, Inc., Mike Rosenthal and John/Jane Does 1-5 and request this Honorable Court to grant relief as follows:

    a. Economic damages in an amount provided by law and to be supported by evidence at trial;

    b. Pre-judgment and post-judgment interest;

  c. Reasonable attorney's fees, litigation expenses, expert witness fees, and cost of this litigation, together with all cost of court; and,

  d. Any other relief to which Abby Robinson, Individually, and New England Contractors, LLC may justly and properly be entitled, all within an amount within the jurisdictional limits of this Court.

Respectfully submitted this the 11th day of October, 2016.

        **SIMON & TEEUWISSEN, PLLC**

        */s/ Pieter Teeuwissen*
        PIETER TEEUWISSEN (MSB #8777)
        On behalf of Abby Robinson,
        Individually and
        New England Contractors, LLC

OF COUNSEL:

PIETER TEEUWISSEN, ESQ. (MS BAR NO. 8777)
ANTHONY R. SIMON, ESQ. (MS BAR NO. 10009)
**SIMON & TEEUWISSEN, PLLC**
621 East Northside Drive
Jackson, Mississippi 39206
Phone: 601.366-8400
Fax:  601-366-2292