IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ABBY ROBINSON, INDIVIDUALLY
AND D/B/A NEW ENGLAND CONTRACTORS, LLC           PLAINTIFF

V.                                          CASE NO. 3:16-cv-794-DPJ-FKB

BRIDGEWATER OWNERS ASSOCIATION,
INC., MIKE ROSENTHAL AND
JOHN / JANE DOES 1-5                             DEFENDANTS

**ORDER GRANTING MOTION TO COMPEL,
GRANTING MOTION TO EXTEND DISCOVERY DEADLINE,
AND AMENDING CASE MANAGEMENT ORDER**

Before the Court are two motions: (1) Defendants Bridgewater Owners Association, Inc. ("BOA") and Mike Rosenthal's Motion to Compel certain interrogatory responses from Plaintiff Abby Robinson [24], and (2) Robinson's Motion to Extend Discovery Deadline and Trial Date [42]. Having considered the motions and responses, the Court finds that both motions are well-taken and should be granted.

**Facts and Procedural History**

This case concerns a disagreement between Defendants and Plaintiff regarding whether the house Robinson built in the Bridgewater Subdivision of Madison County, Mississippi, met with the Bridgewater Subdivision's covenants and BOA's building and architectural requirements. *See* [1] at 3; [28] at 2. Robinson claims that the house she constructed through her company, New England Contractors, LLC., was fully approved by Rosenthal, Bridgewater's Architectural Review Coordinator, prior to construction. *See* [1] at 3. She claims that despite having approval of both the original plans and subsequent modifications to those plans, Defendants "harrasse[d],

1

intimidated and/or otherwise prevented [her] from the quiet enjoyment of her property" and discriminated against her on account of her race and gender. *Id.* at 4-5. The underlying dispute between BOA and Robinson is the subject of ongoing litigation in the Chancery Court of Madison County, Mississippi.[1] *See* [28] at 2.

## Bridgewater's Motion to Compel

Defendants served interrogatories on Robinson on January 19, 2017. [12]. Defendants now move to compel Robinson to give more complete answers to two interrogatories.[2] At issue are the following interrogatories and responses:

> **Interrogatory No. 1:** Please state the addresses of all homes in which you have lived after the age of 25, and the addresses of all homes constructed by you or any construction company in which you owned an ownership interest.
> Response: Objection. This Interrogatory seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case. Plaintiffs further object because this interrogatory is not important in resolving the issues and is calculated to annoy, embarrass and harass.
> Supplemental Response: Without waiving the previous objections, Plaintiff Abby Robinson states she has built the houses at 100 Bridgewater Crossing and a house at 301 Buckingham Place, Ridgeland, Mississippi 39157.

> **Interrogatory No. 18:** With regard to those aspects or components of your home which differ from the plans, specifications, and other documents which you submitted to BOA, as described in your answer to the preceding Interrogatory, please identify by address all other homes within the Bridgewater Subdivision under the jurisdiction of BOA which you contend have the same materials or components as installed in your home.
> Response: Please see Plaintiff's Response to Interrogatory No. 18.
> Supplemental Response: Objection. This Interrogatory is confusing as it references the preceding Interrogatory but fails to use the preceding Interrogatory's conjunctive ("and") language, resulting in a materially different question. Without waiving said objection, please see Plaintiffs' deposition testimony referencing specific addresses of homes. Further, Plaintiffs will supplement, again, in writing, the addresses which have the same materials or components as installed at 100 Bridgewater Crossing.

---

[1] *Bridgewater Owners Association, Inc. vs. New England Contractors*, LLC, et al., Cause No. 15-cv-00375, Chancery Court of Madison County, Mississippi. *See* [42] at 1.

[2] Defendants originally sought to compel answers to three interrogatories, but withdrew their motion as it applied to Interrogatory 23 in the later-filed accompanying brief. [28] at 2.

[24] at 2-4.

Defendants argue that these interrogatories are relevant because they relate directly to the dispute between Defendants and Robinson over the construction of her home, and seek information that is likely to lead to the discovery of admissible evidence. *See, generally,* [24]. Defendants contend that the existence of other houses that Robinson has constructed is relevant, as she claims to be an expert in construction. [24] at 2-3. Defendants allege that Robinson claims the materials used in construction and the architectural elements of her home are no different than other homes in Bridgewater, making Robinson's knowledge of the materials used in construction of the other homes relevant. *Id.* at 4. Robinson responds that she either already provided the requested information in her deposition or that the interrogatories have little or no relation to any claim or defense in this case. [31] at 2-3.

## Robinson's Motion to Extend the Discovery Deadline and Trial Date

Plaintiff seeks an extension of the discovery deadline and a resetting of the trial date. [42]. Plaintiff explains that the Madison County Chancery Court case required significant resources and litigation, and, as of the date of this Order, is in trial. [43] at 6-8. Plaintiff states that she hopes to supplement her discovery responses using information and testimony from the trial. *Id.* The docket shows that Plaintiff has requested no prior extensions or amendments to the Case Management Order.

Defendants object to any discovery extensions, arguing that Plaintiff has made no real effort to conduct discovery prior to mid-July, just prior to expiration of the August 2, 2017, discovery deadline. [44]. Defendants acknowledge that since Robinson's newest counsel entered an appearance on July 5, 2017, she has actively sought to depose a number of witnesses. [45] at 3.

**Discussion**

1. **Defendants' Motion to Compel**.

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). Factors to be considered in making a determination as to whether information sought is within the scope of discovery include, *inter alia*, the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* The court may limit discovery if the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive, or "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 25(b)(2)(C) and 26(c)(1).

Both of the interrogatories addressed in Defendants' Motion to Compel are relevant to the claims and defenses in this case. Plaintiff has made no argument that the interrogatories seek privileged information. Further, the Court finds that neither of the interrogatories constitute an undue burden to Robinson. Accordingly, the Court orders Robinson to provide full and complete answers to Interrogatory Nos. 1 and 18 by August 18, 2017.

2. **Plaintiff's Motion to Extend the Discovery Deadline and Trial Date.**

To amend a scheduling order, Fed. R. Civ. P. 16(b) requires that the moving party demonstrate good cause and obtain the judge's consent. "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Smith v. BCE, Inc.*, 225 F. App'x 212, 217 (5th Cir. 2007)(citing *S&W Enters., L.L.C. v. South Trust Bank of Ala. NA*, 315 F.3d 533, 535 (5th Cir. 2003)). The Fifth

Circuit has held, "[w]e owe the trial court 'broad discretion to preserve the integrity and purpose of the pretrial order,' which, toward the end of court efficiency, is to expedite pretrial procedure." *S&W Enters.*, 315 F.3d at 535.

The Court finds that Plaintiff has demonstrated good cause for amending the Case Management Order and extending the discovery deadline. During the Case Management Conference in this case, counsel agreed that in order to avoid duplicative discovery, depositions and testimony from the chancery court matter could be used in this case. At the time of the Case Management Conference, the chancery court case had already been set for trial on July 24-25, 2017. Plaintiff, therefore, expected to obtain certain testimony at the July trial and still be able to supplement her disclosures by the August 2, 2017, discovery deadline in this case. A portion of the chancery court trial was, however, continued to August 4, 2017, a date after the discovery deadline.

Defendants oppose Plaintiff's request to amend the deadlines. Defendants fail, however, to show any real prejudice from granting Plaintiff's request. Further, as a result of this order, Defendants will be obtaining additional discovery from Plaintiff, and just two days ago on August 2, 2017 (the discovery deadline), the undersigned held a discovery conference in which Defendants requested more discovery from Plaintiff, which Plaintiff agreed to provide.

Under all of the circumstances addressed above, the Court finds good cause to amend the scheduling order in this case. The Court therefore amends the Case Management Order as follows:

1. All discovery must be completed by October 5, 2017.

2. All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by October 19, 2017.

3. This case is set for trial during the two-week term of court beginning on March 19,

5

2018 before United States District Judge Daniel P. Jordan, III in Courtroom 5A at the United States Courthouse in Jackson, Mississippi, and the pre-trial conference is set for February 9, 2018, before Judge Jordan.

IT IS SO ORDERED, this the 4th day of August, 2017.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE
