**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

ABBY ROBINSON, INDIVIDUALLY
AND D/B/A NEW ENGLAND CONTRACTORS, LLC   **PLAINTIFF**

V.   CASE NO. 3:16-cv-794-DPJ-FKB

BRIDGEWATER OWNERS ASSOCIATION,
INC., MIKE ROSENTHAL AND
JOHN / JANE DOES 1-5   **DEFENDANTS**

**ORDER GRANTING DEFENDANTS' SECOND MOTION TO COMPEL**

Before the Court is a Motion to Compel [50] filed by Defendants Bridgewater Owners Association, Inc. ("BOA") and Mike Rosenthal. The Court finds that the motion should be granted.

Defendants contend that Plaintiff has not provided answers to Request Nos. 9 and 10 of BOA's Second Set of Requests for Production and Request Nos. 2, 3, 6, 7, and 8 of BOA's Second Set of Requests for Admissions. [50]. The Court held a discovery conference with the parties on August 3, 2017, during which it authorized Defendants to file a motion to compel if they did not receive Plaintiff's responses by August 11, 2017. *See* Text-Only Order of August 3, 2017. On August 14, 2017, Defendants filed this motion.[1] [50].

In their motion, Defendants quote Plaintiff's discovery responses at issue. [50] at 2-3. In Request for Production Nos. 9 and 10, Defendants seek production of any "plans and specifications approved by Bridgewater" which were "referenced in the letter of January 24, 2014." [50] at 2. Defendants attached a copy of the letter in question, both to the original Requests for Production and to the motion to compel. [50] at 4, [50-1]. Plaintiff responded to each Request that she "does

---

[1] This is the second time Defendants have filed a motion to compel discovery responses by Plaintiff. *See* [24]. The Court granted Defendants' first motion on August 8, 2017. [49].

1

not understand the Request." [50] at 2.

In their motion, Defendants quote the Requests for Admission at issue. [50] at 2-3. Plaintiff responds to Request for Admission Nos. 2 and 3 by referencing her deposition testimony. *Id.* She does not either admit or deny the Request for Admission. *Id.* Plaintiff responds to Request for Admission Nos. 6, 7, and 8 by giving various answers to the requests as if they were interrogatories, but does not actually admit or deny the Requests for Admission. *See* [50] at 3.

Plaintiff, an attorney, filed a response to the instant motion on her own behalf. [64]. She does not argue that Defendants' discovery requests were improper, nor does she explain why she failed to timely respond to the requests. *See id.* Plaintiff's response is not so much a substantive response to the motion as it is responses to the two requests for production of documents and the five requests for admission at issue. *See id.* Plaintiff does not state whether she also provided these written responses to Defendants in the manner required by Fed. R. Civ. P. 34 or 36. *Id.*

As a result of Plaintiff's counsel withdrawing against her wishes on September 11, 2017, the Court permitted Plaintiff another opportunity to respond to the Motion to Compel. [65]. Plaintiff's new counsel entered his appearance on November 2, 2017. [68]. However, on December 10, 2017, Plaintiff again filed a response to the motion to compel on her own behalf, rather than through counsel. [69]. As with her first response to the motion, Plaintiff does not argue in her second response that Defendants' discovery requests were improper, nor explain why she failed to timely provide responses. *See* [69].[2] Plaintiff responds to the motion by providing responses to the discovery requests in her filing, just as she did in her first response. However, the responses she provides in document [69] differ from those provided in [64].

---

[2] Plaintiff's second response does, however, argue that the motion to compel is part of a conspiracy by defense counsel and Plaintiff's former counsel to "deceive" the Court. [69] at 6-7. She writes that the attorneys "filed this deceptive motion to compel as a means of a safe harbor to trick the court." *Id.* at 7. Plaintiff's argument is difficult to understand and unsupported by any evidence.

Defendants request that the Court order Plaintiff to respond to the two requests for production and the five requests for admission (1) in the manner required by the Federal Rules of Civil Procedure, and (2) by a date certain. [72].

Plaintiff's responses to Request for Production Nos. 9 and 10, that she did "not understand [the] Request[s]" are insufficient and not supported by the straightforward, easily comprehendible nature of each request. In fact, Plaintiff demonstrates that she understands the requests, as she provided answers to the requests in her two responses to the motion. *See* [64] at 1-2; [69] at 2-3. Plaintiff's responses to Request for Admission Nos. 2, 3, 6, 7, and 8 are also insufficient, as they fail to conform with Fed. R. Civ. P. 36(a)(4). Accordingly, Defendants' motion [50] should be, and is hereby, granted.

IT IS, THEREFORE, ORDERED:

1. No later than March 30, 2018, Plaintiff must serve written responses to Request for Production Nos. 9 and 10 in the manner required by Fed. R. Civ. P. 26(e) and 34(b)(2)(B);

2. No later than March 30, 2018, Plaintiff must serve written responses to Request for Admission Nos. 2, 3, 6, 7, and 8 in the manner required by Fed. R. Civ. P. 26(e) and 36(a)(4).

SO ORDERED, this the 14th day of March, 2018.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE