IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ABBY ROBINSON, INDIVIDUALLY
AND D/B/A NEW ENGLAND CONTRACTORS, LLC                             PLAINTIFF

V.                                                          CASE NO. 3:16-cv-794-DPJ-FKB

BRIDGEWATER OWNERS ASSOCIATION,
INC., MIKE ROSENTHAL AND
JOHN / JANE DOES 1-5                                               DEFENDANTS

**ORDER GRANTING MOTION FOR SANCTIONS**

Before the Court is Defendants' Motion for Sanctions [62], filed September 6, 2017. After being given an extension to respond, Robinson filed her response on December 10, 2017 [70]. After considering the motion and Robinson's response, the Court finds that the motion should be granted in part and denied in part.

On August 8, 2017, the Court entered an order [49] granting Defendants' motion to compel [24] and ordering that Robinson provide certain discovery responses to Defendants by August 18, 2017.[1] Robinson, an attorney, entered an appearance on her own behalf on August 14, 2017, the same day that her counsel sought to withdraw from the case. [52], [53]. Robinson failed to provide Defendants the court-ordered discovery, leading Defendants to file their motion for sanctions [62] on September 6, 2017. The Court granted Robinson's counsel's motion to withdraw on September 11, 2017. [65]. Because her counsel withdrew over her objections, the Court gave Robinson sixty days to find new counsel. [65] at 1. Once Robinson obtained new counsel, the Court permitted her thirty days to respond to any currently pending motions, including the motion for sanctions [62].

---

[1] The order required that Robinson provide full and complete answers to Defendants' Interrogatory Nos. 1 and 18 by August 18, 2017.

1

*Id.*

New counsel for Robinson, Mr. Willie Abston, entered his appearance on November 2, 2017, meaning that Robinson had until December 4, 2017, to file a response to the motion for sanctions [62]. *Compare* [65] *with* [68]. As of December 5, 2017, the Court still had not received a response from Robinson to the motion for sanctions, despite the deadline having passed. The Court, *sua sponte*, entered a text-only order extending the deadline for Robinson to respond to the motion for sanctions [62] to December 15, 2017.

Robinson filed her response to Defendants' motion for sanctions [62] on December 10, 2017. *See* [70]. Despite having counsel, Robinson filed the response and signed it herself. *Id.* Robinson's response does not address the Court's Order [49] granting Defendants' motion to compel [24]. Her response does not discuss the discovery at issue, nor does it explain her reasons for failing to provide the court-ordered discovery nearly four months after the deadline had passed. *See* [70].[2]

As of the date of this order, the docket reflects no service of the court-ordered discovery responses that were due by August 18, 2017. [49]. Robinson has provided no explanation as to why she has not provided the court-ordered discovery responses.

Due to her failure to provide the court-ordered discovery responses, the Court finds that Abby Robinson – not her counsel – should be sanctioned by an award to Defendants of attorney's fees related to the motion for sanctions [62]. The Court does not find that this case should be

---

[2] On December 10, 2017, Robinson filed two responses: one response [69] to a pending motion to compel [52] and a separate response [70] to the motion for sanctions [62]. In her response to the motion for sanctions, Robinson makes accusations against defense counsel and her former counsel in regard to the pending motion to compel [52]. For example, Robinson claims that the motion to compel [52] is a "bad faith . . . attempt" by defense counsel and her former counsel to "deceive both the Plaintiff and this honorable Court," amounts to "procedural gamesmanship," and is designed to "trick" her or "game the system." [70] at 2-5. Her response, however, fails to address the basis for the motion for sanctions, specifically, her failure to provide the discovery that this Court previously ordered her to provide in Order [49].

dismissed as a sanction, as requested by Defendants in their December 15, 2017, rebuttal. [72]. Accordingly, Defendants' motion for sanctions is granted to the extent that Defendants are awarded reasonable attorney's fees incurred in drafting and filing this motion for sanctions. Defendants' motion is denied to the extent it sought any other relief, including dismissal of Robinson's complaint.

The Court also imposes a new deadline by which Robinson must provide the discovery at issue. Robinson has until April 25, 2018, to provide Defendants full and complete responses to Defendants' Interrogatory Nos. 1 and 18, as addressed in Order [49]. Failure to do so will result in additional sanctions against Robinson.

When determining a reasonable attorney's fee award, courts apply the lodestar method. Under this method, the court multiplies the "number of hours reasonably expended [on the matter] . . . times a reasonable hourly rate" to determine the "lodestar" figure. *Blum v. Stenson,* 465 U.S. 886, 888 (1984). In determining the amount to be awarded, the court may then adjust the "lodestar" upward or downward based on consideration of several factors, for example, the time and labor required, the novelty and difficulty of the questions, and the skill requisite to perform the legal service properly. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The court bases the "reasonable hourly rate" awarded on the "prevailing market rates in the relevant community." *Blum*, 465 U.S. at 895. And the "hourly fee awarded must be supported by the record; the district court may not rely on its own experience in the relevant legal market to set a reasonable hourly billing rate." *McClain v. Lufkin*, 649 F.3d 374, 383 (5th Cir. 2011).

At this time, Defendants' counsel have not submitted record evidence of their billing rate or time expended on the motion for sanctions [62]. Further, no record evidence regarding the prevailing market rate has yet been submitted. However, in an attempt to avoid additional time,

fees, and effort being expended by both parties on the sanction issue and to conserve judicial resources, the undersigned provides the following analysis to propose a reasonable fee award. Having reviewed the filings related to the motion for sanctions, the undersigned proposes a total of 4 hours as a reasonable expenditure of time on these matters. Further, based on the hourly rates awarded in other cases in federal court in Mississippi and considering the *Johnson* factors, the undersigned proposes an hourly rate of $200.00 per hour as reasonable. *See Lighthouse Rescue Mission, Inc. v. City of Hattiesburg, Mississippi*, Civil Action No. 2:12-cv-184-KS-MTP, 2014 WL 1653108, n. 4 (S.D. Miss. April 23, 2014)(listing cases awarding rates from $150.00 to $275.00 per hour). The undersigned proposes this rate based on consideration of the *Johnson* factors, particularly the simplicity of the issues presented. Accordingly, the undersigned proposes an attorney's fee award of $800.00.

If the parties and counsel are willing to accept the undersigned's proposal on the fee award, they need take no further action on this motion. If unwilling to accept the undersigned's proposal as to the fee award, either party may file a response to this order by April 25, 2018, and any requisite evidence must be submitted with any such response. Such a response shall be limited only to the Court's calculation of the fee award, and shall not address the Court's decision to award sanctions. If neither party files a response to this order by the deadline of April 25, 2018, this order will automatically become final without further order from the undersigned. Abby Robinson, and not her attorney of record, is responsible for the attorney's fees awarded to Defendants and shall pay the award to Defendants' counsel within 21 days of the final order.

IT IS, THEREFORE, ORDERED that Defendants' motion for sanctions [62] is granted in part and denied in part, as follows:

1. Abby Robinson shall pay $800.00 to Defendants' counsel by May 16, 2018, unless this

order is modified by further order of this Court;

2. Abby Robinson will provide to Defendants full and complete responses to Interrogatory Nos. 1 and 18, as addressed by the Court in Order [49], no later than April 25, 2018; and

3. All other requested relief is denied.

IT IS SO ORDERED, this the 11th of April, 2018.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE