UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ABBY ROBINSON, INDIVIDUALLY
AND d/b/a NEW ENGLAND
CONTRACTORS, LLC                                                                                  PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:16-CV-794-DPJ-FKB

BRIDGEWATER OWNERS                                                                            DEFENDANTS
ASSOCIATION, INC., ET AL.

ORDER

Plaintiff Abby Robinson claims that Defendants Bridgewater Owners Association, Inc., ("Bridgewater") and Mike Rosenthal discriminated against her based on her race and gender. But because she could have brought these same claims during state-court litigation, they are now barred by *res judicata*. Defendants' summary-judgment motion [133] is granted, and their motion in limine [131] is moot.

I.      Background

Robinson, an African-American female, believes Defendants discriminated against her during the construction of her home. Robinson purchased Lot 3 in the Bridgewater Subdivision in Ridgeland, Mississippi, in November 2013. In January 2014, Bridgewater and its Architectural Review Committee ("ARC") approved her construction plans. Robinson executed contracts with Bridgewater agreeing to abide by the ARC's design guidelines and her ARC-approved construction plans.

During construction, Bridgewater noticed that the doors and windows on Robinson's home failed to comply with her approved construction plans. Robinson asserted that Defendant Rosenthal approved the variances, but Bridgewater nevertheless sued Robinson in the Chancery Court of Madison County, Mississippi, seeking an order compelling compliance. In her state-

court answer, Robinson advanced race- and gender-discrimination counterclaims against Bridgewater under the Fair Housing Act ("FHA").  She then removed the case, invoking federal-question jurisdiction.  United States District Judge Carlton W. Reeves remanded the action, holding that the counterclaims did not create federal subject-matter jurisdiction.

Upon return to state court, Bridgewater amended its state-court complaint, adding seven additional variances from the approved plan.  Robinson again answered, but this time she dropped her race- and gender-discrimination counterclaims.  Instead, she filed this case on October 11, 2016, asserting those claims under the FHA and 42 U.S.C. § 1981.  Compl. [1] ¶¶ 24–25.

About two years later, on March 2, 2018, the chancery court granted Bridgewater's requested injunction, holding that Robinson violated the covenants by varying from her approved plans.  *See* Miss. S. Ct. Order [143] at 1.  Then, on June 1, 2018, the chancery court entered a second order that "resolved all issues between the parties and is, therefore, a final, appealable judgment."  *Id.*  The case is on appeal, *id.*, and Defendants now seek summary judgment based on *res judicata* and other issues.

II.     Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

III.     Analysis

Title 28 U.S.C. § 1738 "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982).  Under Mississippi law, "[t]he doctrine of *res judicata* 'bars all issues that might have been (or could have been) raised and decided in the initial suit, plus all issues that were actually decided in the first cause of action.'" *Pierce v. Pierce*, 132 So. 3d 553, 560 (Miss. 2014) (quoting *Little v. V & G Welding Supply, Inc.*, 704 So. 2d 1336, 1337 (Miss. 1997)).

Here, Defendants say Robinson's gender- and race-discrimination claims were compulsory counterclaims she should have pursued in the chancery court case—as she originally did.  They also say the state court had concurrent jurisdiction under the FHA and § 1981.  *See* 42 U.S.C. § 3613(a)(1)(A) (providing concurrent jurisdiction over FHA claims); *see also Gonzales v. Hernandez*, 175 F.3d 1202, 1206 (10th Cir. 1999) (discussing concurrent jurisdiction over § 1981 and § 1983 claims).  Robinson responded,

> that a judgment [indeed] is final for both *res judicata* and collateral estoppel purposes while pending on appeal.  However, on February 21, 2019, the Mississippi Supreme Court dismissed the appeal of the Order of the Chancery Court of Madison County finding that the Court lacked subject matter jurisdiction.  The Appellate Court found that the Chancery Court's Order was not a final judgment.  The case has been returned to Chancery Court for the resolution of post trial motions.  Absent a final judgment, the principles of res judicata and collateral estoppel do not apply.

Pl.'s Mem. [138] at 2.

This argument refers to a mix-up that occurred when the Mississippi Supreme Court never received Robinson's July 1, 2018 notice of appeal from the June 1, 2018 final order.  *See* Miss. S. Ct. Order [143] at 1.  While the court initially dismissed the appeal on jurisdictional

3

grounds, Bridgewater sought clarification on March 7, 2019.  *See* Defs.' Miss. S. Ct. Mot. [133-15] at 1.  And on April 10, 2019, the Mississippi Supreme Court granted Bridgewater's motion, corrected the mistake, and held that the June 1, 2018 order from the chancery court was final and appealable.  *See* Miss. S. Ct. Order [143] at 1–3.

Robinson received Bridgewater's motion for clarification before she responded to Defendants' summary-judgment motion.  *Compare* Defs.' Miss. S. Ct. Mot. [133-15] (Mar. 7, 2019), *with* Pl.'s Resp. [138] (Apr. 1, 2019).  Accordingly, she had notice and an opportunity to substantively address Defendants' *res judicata* arguments but elected not to.  Moreover, she did not seek leave to file a sur-reply to address the issues after Defendants corrected the record.  *See* Miss. S. Ct. Order [143] (Apr. 10, 2019).  Absent a viable argument from Robinson, the Court agrees that *res judicata* bars her claims against Bridgewater and Rosenthal (its agent).[1]

IV.     Conclusion

The Court has considered all arguments raised; those not addressed would not have changed the outcome.  For the reasons stated, Defendants' motion for summary judgement [133] is granted, and their motion in limine [131] is moot.  A separate final judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 31st day of July, 2019.

s/ *Daniel P. Jordan III*  
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Had this case survived the *res judicata* issue, the Court questions whether Robinson could have otherwise survived summary judgment.  As a few quick examples, the fact that she violated Bridgewater's covenants has now been established in chancery court.  That impacts the prima facie case under the FHA she argued in her response.  It also means that to ultimately prevail under either statute on a disparate-treatment claim, she would need to show that Bridgewater treated another resident, from outside her protected classes, more favorably under nearly identical circumstances.  Though Robinson mentions less favorable treatment in her response, she never identifies any comparators.  Finally, Defendants raised other legal questions that have not yet been fully addressed.